OLESON, Appellant, vs. FADER, Respondent.

*March 24—April 13, 1915.*

*Landlord and tenant: Lease construed: Reservation of rooms for storage purposes: Unseasonable entry by lessor: Right of lessee to eject him: Assault and battery: Instructions to jury.*

1. A clause in a lease of a farm reserving two rooms in the dwelling "until a dwelling can be rented or a place secured for storage," is construed, in the light of the surrounding circumstances, to mean that the lessor might use the two rooms for storage purposes during the time mentioned, but not to give him any right to occupy the rooms as a residence or for sleeping purposes or to enter or use the rooms except for purposes legitimately·connected with the proper care or removal of the property therein during reasonable business hours.

2. The lessor having gone into such rooms between 7:30 and 8 o'clock on a September evening, after it had become very dark, it was his duty to leave when the lessee demanded that he do so, and upon his refusal to go the lessee had the right to eject him, using no more force than was reasonably necessary.

3. Where the charge to the jury fully and correctly covered the issues there was no error in refusing to give requested instructions even though they were abstractly correct.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

Civil action for assault and battery. Plaintiff owned a farm in Grant county which, on March 19, 1913, he rented on shares to the defendant, the lease containing a statement that the lessor "reserves and retains to himself or his agent the right of entry upon said premises for the purpose of fall plowing any ground that may have been sown to small grain the spring or fall preceding, and at any and all times for any purpose of improvement, or for any purpose which the said first party may deem proper;" also the following clause: "Said first party reserves two rooms in the dwelling on said premises until a dwelling can be rented or a place secured for storage." Defendant moved into the dwelling house at once with his family. The parties selected the two west rooms as the rooms to be reserved, and the plaintiff's furniture and other household property was moved into them. The plaintiff kept the key to the outside door opening into one of the two rooms. From April 15th until September 1st plaintiff resided on another farm which he owned northeast of Belmont, La Fayette county. On the last named date he rented a house in Belmont and moved into it during the first week in September. Prior to September 17th he took one load of furniture from the reserved rooms to his newly rented house in Belmont. On September 17, 1913, plaintiff went to the farm with his team and wagon and made some repairs on the silo. He took supper with his brother-in-law, Dick Allen, who lived in the immediate vicinity, and went back to the farm in ques-

tion after supper to unharness and feed his horses, which he had put in the barn. It was then quite dark, and after attending to the horses he went to the house and entered the reserved rooms. This was between 7:30 and 8 o'clock, and it had become very dark. Plaintiff says he was arranging some of the furniture, intending to take a load away the next morning. He had lighted a lamp, when defendant came into the room and asked plaintiff if he knew what the contract said about the rooms. The talk became excited. Defendant claims he ordered plaintiff out of the rooms and that he refused to go, whereupon he (defendant) attempted to put him out, using no more than necessary force; plaintiff claims that defendant attacked him and that he only defended himself. In any event there was a struggle, a number of blows struck, plaintiff got the worst of it, and was knocked down. He finally went away to his brother-in-law's house and spent the night.

The court charged the jury that under this reservation in the lease the plaintiff had no right to use the rooms except for the purpose of storage, and had no right at any time under any provision of the lease to occupy the rooms for sleeping purposes, and had no right to visit said rooms except at reasonable hours. The court further charged in effect that the defendant had a right to demand that plaintiff should retire from the rooms and the plaintiff should have departed; that when he did not do so the defendant had the right to use the force reasonably necessary under all the circumstances to eject the plaintiff, and was only liable to respond in damages if he used unreasonable or excessive force.

The court refused to give the following instructions requested by the plaintiff and exception was duly taken:

"1. If you find the plaintiff and the defendant at the time alleged fought with each other by mutual consent, and in anger; or, if you find that both were willing to fight and did fight, each of the parties is liable to the other for the actual damage caused by him.

"2. If you find that the plaintiff was willing to fight with the defendant, and during such fight sustained injuries, the defendant would be liable for all damages actually resulting from such injuries. On the other hand, if you find that the defendant was willing to fight with the plaintiff, and during such fight was injured, the plaintiff would be liable to him for the actual damages resulting from such injuries.

"3. In short, it is unlawful to fight, and a person who voluntarily engages in a fight is liable for the actual damages caused by him."

The jury returned a general verdict for the defendant, and the plaintiff appeals from judgment thereon.

For the appellant there was a brief by *M. S. Block* and *Fiedler & Fiedler,* and oral argument by *Mr. E. C. Fiedler* and *Mr. Block.*

For the respondent there was a brief by *Kopp & Brunckhorst,* and oral argument by *A. W. Kopp.*

WINSLOW, C. J. Giving the reservation clause in the lease a fair and reasonable construction in the light of the surrounding circumstances, it evidently meant that the plaintiff was entitled to use the two rooms for storage purposes until he could rent a house or secure another place for storage. It did not confer the right to occupy the rooms as a residence or for sleeping purposes, or to enter and use the rooms except for purposes legitimately connected with the proper care or removal of the property therein during reasonable business hours. It seems probable that the right had ceased at the time of the alleged assault, because the plaintiff had rented and moved into another house about two weeks before that time. However this may be, the defendant had a right to demand that the plaintiff leave the rooms at the time in question because it was an unreasonable time of day for him to be there, and it was plaintiff's duty to leave on such demand being made.

It follows from this that upon the plaintiff's refusal to go

it was defendant's right to forcibly remove him, and the defendant would not be guilty of assault if he used no more force than was reasonably necessary to accomplish that purpose, but would be liable if he used unreasonable or excessive force.

, The trial judge having charged the jury in accordance with these propositions, it is manifest that there was no error in the charge as given. Were it to be conceded that the instructions which the plaintiff requested were abstractly correct, there was no error in declining to give them, because the case had already been fully covered.

The only question upon which we have entertained doubt is the question whether the evidence does not show as matter of law that the defendant used more force than was reasonably necessary to remove the plaintiff from the rooms. He unquestionably used considerable violence and the verdict might well have been the other way. However, there was evidence tending to show that the plaintiff's resistance was very violent, and we feel unable to say that the conclusion of the trial judge to the effect that the question was fairly a question for the jury was clearly wrong.

The errors which are claimed to exist in the rulings upon evidence do not seem to us substantial.

*By the Court.*—Judgment affirmed.